IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TAMMY LEE ACEVEDO,

    Plaintiff,

vs.

MONROE COUNTY BOARD OF
COUNTY COMMISSIONERS,
a Political Subdivision of the State of Florida,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, TAMMY LEE ACEVEDO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, MONROE COUNTY BOARD OF COUNTY COMMISSIONERS ("Defendant"), and alleges as follows:

1. This is an action by Plaintiff for damages, excluding attorneys' fees or costs, for Defendant's unlawful, sex-based discrimination, hostile work environment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA") to redress injury done to Plaintiff by the Defendant for discriminatory, sex-based treatment and for redress of Plaintiff's depravation of rights in violation of these laws.

2. Defendant is a political subdivision of the State of Florida located in Monroe County, Florida.

3. Plaintiff worked for Defendant in Monroe County, Florida.

4. Venue is proper in Monroe County, Florida because all of the actions that form the basis of this Complaint occurred within Monroe County, Florida.

5. Plaintiff is a female individual and is a member of a class protected under Title VII and the FCRA because the terms, conditions, and privileges of her employment were altered because of her status as a female individual.

6. Defendant has at all times material hereto employed fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA.

7. Plaintiff was at all times materials hereto an employee covered by Title VII and the FCRA in that she was subjected to negative, disparate treatment by her employer based on sex.

8. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

9. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Florida Commission on Human Relations ("FCHR").

10. The FCHR did not issue a finding on Plaintiff's Charge within 180 days of the filing of said Charge. The EEOC has issued a Notice of Suit Rights to Plaintiff.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff is a female individual who began working for Defendant as an Executive

       Assistant for County Commissioner Charles McCoy ("McCoy") on or about April 19, 2005.

13. On or about October 2015, Plaintiff and Project Manager, Cary Knight ("Knight"), began a personal relationship.

14. On or about November 2017, Knight's spouse learned of the personal relationship between Plaintiff and Knight. Thereafter, Plaintiff and Knight disclosed their personal relationship to Human Resources ("HR"). At this time, HR did not reprimand either Plaintiff or Knight for their personal relationship.

15. On or about January 2019, Plaintiff and Knight's personal relationship was terminated.

16. While employed with Defendant, Plaintiff was subjected to unlawful discrimination, a hostile work environment, and retaliation due to Plaintiff's sex. Furthermore, Plaintiff was subjected to disparate treatment by Defendant in that Plaintiff was treated less favorably than her similarly situated co-workers by Knight.

17. Despite Plaintiff and Knight's personal relationship being terminated, Knight continued to communicate with Plaintiff, in and outside the office, and provide unwelcomed advances to Plaintiff to rekindle their personal relationship. For instance, Knight would tell Plaintiff, "you missed your opportunity," when Knight's spouse was not in town. These unwanted advances made Plaintiff extremely uncomfortable.

18. Furthermore, Knight perpetuated lies about Plaintiff at work and relied on these falsities to give Plaintiff a negative, annual performance review. Specifically, Knight downgraded Plaintiff's management skills from a level five (5) ("outstanding") to a level three (3) ("satisfactory") with no justification. In light of Plaintiff having received the highest marks on her performance review the year prior, Plaintiff confronted Knight

about her negative marks in her current performance review on or about October 22, 2019. In response, Knight deflected Plaintiff's questions and became combative with Plaintiff. Without a clear and honest answer from Knight, Plaintiff went to HR to complain about Knight's sex-based retaliation against Plaintiff. Knight proceeded to follow Plaintiff, and in front of HR, screamed at Plaintiff: "You can talk to whoever you want. You are going to be reassigned." Even Mark Gongre ("Gongre") in HR who witnessed this incident stated: "I'm not sure what's going on, but I cannot ignore that. That is a hostile work environment. We have to investigate this."

19. In addition, Knight lied to his direct supervisor, Assistant County Administrator Kevin Wilson ("Wilson"), stating that Plaintiff had divulged confidential information to co-worker Keith Bring ("Bring").

20. As a result of this false accusation, on or about November 18, 2019, Wilson moved Plaintiff to a different role as Executive Assistant in Fleet Management. Although Plaintiff retained the same job title, Plaintiff's role in Fleet Management was effectively a demotion in that Plaintiff's work responsibilities were drastically diminished, as compared to her previous Executive Assistant role. As a result of this change in Plaintiff's role, Plaintiff was stripped of career advancement opportunities with Defendant and her aspirations to become a project manager with Defendant were thwarted. Plaintiff's professional predicament was exacerbated by her physical relocation to work in a garage. For Plaintiff, this meant having to work under poor conditions, in mold-infested facilities without air conditioning in the sweltering Florida heat and without a bathroom.

21. Plaintiff was not the only victim of Knight's mistreatment, which stemmed from

Knight's sex-based animosity toward Plaintiff. Plaintiff's colleague, Matthew Howard ("Howard"), often received mistreatment from Knight in the form of harassment and bullying because of Plaintiff's working relationship with Howard.

22. In response to Knight's mistreatment of Howard, on or about November 22, 2019, Plaintiff complained to Knight about his behavior towards Howard. In the presence of other employees, Knight yelled at Plaintiff.

23. Following these public altercations, HR began to investigate Plaintiff and Knight's personal relationship on or about November 23, 2019.

24. Throughout this investigation, Plaintiff was treated less favorably than her similarly situated co-worker, Knight, who is a male individual.

25. Despite the conflict of interest, Knight's direct supervisor, Wilson, oversaw Plaintiff and Knight's pre-determination hearing and investigation.

26. As a result of this investigation, Knight's accusations against Plaintiff were determined to be lies. Knight was also caught lying to the members conducting this investigation. For instance, Knight lied about not having a personal relationship with Plaintiff.

27. Despite Defendant's acknowledgment that Knight lied about Plaintiff and lied to the investigating members, and Knight's acts of aggression and sex-based animosity toward Plaintiff, Knight was only given a verbal reprimand. Knight was not subject to a demotion in his role or physically moved to a different location at work. In stark contrast, on or about November 26, 2019, Plaintiff was formally reprimanded.

28. Plaintiff was further subjected to disparate treatment in that Plaintiff's disciplinary action from the pre-determination hearing was recorded in Plaintiff's personnel file. In contrast, Knight's verbal reprimand was excluded from Knight's personnel file.

29. In fact, on or about April 2020, following County Administrator's Roman Gastesi's ("Gastesi") advice, Plaintiff waited several months after the pre-determination hearing to conduct a public record request to retrieve a copy of her and Knight's personnel files. When Plaintiff discovered that the disciplinary action against her had been recorded in her personnel file, and Knight's disciplinary action had not, Plaintiff complained to Gastesi about this disparate treatment. Gastesi never replied to Plaintiff and failed to investigate Plaintiff's complaint of sex-based discrimination.

30. Throughout her employment with Defendant, Plaintiff performed her duties in a satisfactory or above satisfactory manner, despite being subjected to negative treatment based on her being a female individual.

31. Throughout Plaintiff's employment, Defendant failed to investigate and remedy Plaintiff's complaints of discrimination, hostile work environment, and retaliation.

32. Any reasons proffered by Defendant for any adverse actions against Plaintiff were simply pretextual reasons for discrimination based on Plaintiff's sex.

33. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Sex (Gender) Discrimination under Title VII*

34. Plaintiff re-adopts each and every allegation as stated in paragraphs 1 through 33 above as if set out in full herein.

35. Plaintiff is a member of a protected class under Title VII.

36. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex (gender) and subjected the Plaintiff to sex-based

animosity.

37. Such discrimination was based upon the Plaintiff's sex (gender) in that Plaintiff would not have been the object of discrimination, but for the fact that Plaintiff is a woman.

38. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex (gender) was unlawful, but acted in reckless disregard of the law.

39. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

40. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

41. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

42. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

43. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages

pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such actions in the future.

44. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices, unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated Title VII and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Hostile Work Environment in Violation of Title VII*

45. Plaintiff re-adopts each and every allegation as stated in paragraphs 1 through 33 of this Complaint as if set out in full herein.

46. Plaintiff is a member of a protected class under Title VII.

47. As part of its protections, Title VII protects the rights of employees to work in a safe workplace free from harassment or abuse.

48. The conduct to which Plaintiff was subjected to, as outlined above, was severe, pervasive, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of Title VII.

49. The harassing conduct Plaintiff was subjected to was perpetrated against her as a result of being a female individual.

50. Plaintiff was the victim of harassment when Defendant's agents failed to provide a safe, work environment and subjected Plaintiff to disparate disciplinary action, as compared to her co-worker Knight.

51. The harassment Plaintiff was subjected to constituted discriminatory ridicule and insult that were sufficiently severe and pervasive enough to alter Plaintiff's employment conditions and create an abusive work environment.

52. Defendant's alleged bases for the adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

53. As a result of the hostile work environment to which Plaintiff was subjected to and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience

emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

- A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

- B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

- C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

- D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

- E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

- F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in Violation of Title VII*

54. Plaintiff re-adopts each and every allegation as stated in paragraphs 1 through 33 of this Complaint as if set out in full herein.

55. Plaintiff is a member of a protected class under Title VII and complained of discriminatory treatment based on sex.

56. By the conduct described above, Defendant retaliated against Plaintiff for exercising

rights protected under Title VII.

57. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex was unlawful, but acted in reckless disregard of the law.

58. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

59. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

60. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

61. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices, unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Sex (Gender) Discrimination under the FCRA*

62. Plaintiff re-adopts each and every allegation as stated in paragraphs 1 through 33 above as if set out in full herein.

63. Plaintiff is a member of a protected class under the FCRA.

64. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex (gender) and subjected the Plaintiff to sex-based animosity.

65. Such discrimination was based upon the Plaintiff's sex (gender) in that Plaintiff would not have been the object of discrimination, but for the fact that Plaintiff is a woman.

66. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's

protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex (gender) was unlawful, but acted in reckless disregard of the law.

67. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

68. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

69. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

70. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

71. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

72. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices, unless and until this

Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

- A. Adjudge and decree that Defendant has violated the FCRA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

- B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

- C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

- D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

- E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Hostile Work Environment in Violation of the FCRA*

73. Plaintiff re-adopts each and every allegation as stated in paragraphs 1 through 33 of this Complaint as if set out in full herein.

74. Plaintiff is a member of a protected class under the FCRA.

75. As part of its protections, the FCRA protects the rights of employees to work in a safe workplace free from harassment or abuse.

76. The conduct to which Plaintiff was subjected to, as outlined above, was severe, pervasive, and humiliating, and unreasonably interfered with Plaintiff's work

performance in violation of the FCRA.

77. The harassing conduct Plaintiff was subjected to was perpetrated against her as a result of being a woman.

78. Plaintiff was the victim of harassment when Defendant's agents failed to provide a safe, work environment and subjected Plaintiff to disparate disciplinary action, as compared to her co-worker Knight.

79. The harassment Plaintiff was subjected constituted discriminatory ridicule and insult that were sufficiently severe and pervasive enough to alter Plaintiff's employment conditions and create an abusive work environment.

80. Defendant's alleged bases for the adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

81. As a result of the hostile work environment to which Plaintiff was subjected to and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain, suffering, and loss of dignity damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

  A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

  B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *Retaliation in Violation of the FCRA*

82. Plaintiff re-adopts each and every allegation as stated in paragraphs 1 through 33 of this Complaint as if set out in full herein.

83. Plaintiff is a member of a protected class under the FCRA.

84. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

85. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex was unlawful, but acted in reckless disregard of the law.

86. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

87. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

88. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such actions in the future.

89. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices, unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: April 2, 2021

Respectfully submitted,

*/s/ Peter M. Hoogerwoerd, Esq.*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Ivette Rabeiro, Esq.
Fla. Bar No.: 1026822
irabeiro@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile
